Robert E. HATFIELD, Plaintiff,

v.

BURLINGTON NORTHERN RAILROAD CO., Defendant.

No. 89–1529–PFK.

United States District Court, D. Kansas.

March 16, 1994.

Timothy J. King, Stinson, Lasswell & Wilson, Wichita, KS; and Glenn McCann, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, for plaintiff.

Phillip R. Fields, Wichita, KS, for defendant.

*MEMORANDUM AND ORDER*

PATRICK F. KELLY, Chief Judge.

Following the Supreme Court's decision in *CSX Transportation v. Easterwood,* 507 U.S. ——, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993), the Tenth Circuit's previous decision in the present action, *Hatfield v. Burlington Northern R. Co.,* 958 F.2d 320 (10th Cir.1992), was vacated and remanded for further consideration. The court of appeals subsequently remanded the case to this court for a determination of whether the plaintiff's claim of inadequate warning devices has been preempted pursuant to 23 C.F.R. § 646.-214(b)(3) and (4), 1 F.3d 1071.

The evidence submitted by the parties is essentially uncontradicted. By a letter dated January 8, 1985, the Federal Highway Administration (FHA) authorized preliminary engineering—the complete design and drawing of plans—on the Haverhill Road crossing project. This letter from the FHA advised the Kansas Department of Transportation (KDOT) that federal funds had been obligated for preliminary engineering on the project. According to the letter, the FHA would pay for up to $1,800.00 of the preliminary engineering costs, or 90% of the $2,000.00 estimate which KDOT normally assigned to such projects. KDOT conducted an on-site inspection of the Haverhill Road crossing on May 1, 1985, to conduct the preliminary engineering. FHA personnel themselves also did some work in association with the project.

The plaintiff's accident occurred on September 29, 1987. The crossing project was "final vouchered" in March of 1991, with the final payment including payment for the preliminary engineering. The final project costs for the crossing were:

| | |
|---|---:|
| Preliminary engineering | $ 619.17 |
| Construction engineering | 611.15 |
| Construction | 29,938.68 |
| Total | $31,169.00 |

In its remand order of July 30, 1993, the Tenth Circuit recognized there were no other cases which have yet considered the issue now before the court. It concluded, however, that for preemption to occur under § 646.-214(b)(3) based upon the use of federal-aid

funds, such assistance must be "more than a casual financial connection ... the degree of federal participation must be significant." *Hatfield v. Burlington Northern R. Co.*, 1 F.3d 1071, 1072 (10th Cir.1993). Besides this general statement, the court of appeals also indicated that "participation", as used in this context, was not limited to cases in which the federal government had specifically earmarked or committed funds for construction. As an illustration, the court observed that such "participation" could include the devotion of federal funds to pay the cost of engineering services.[1]

Although it does not appear that federal funds formed a majority of the funds expended upon the upgrading of the Haverhill Road crossing, that does not appear to be required under the interpretation adopted by the Tenth Circuit. The fact that the federal government explicitly undertook to provide funding for the preliminary engineering of the crossing upgrade, an undertaking which took place prior to the plaintiff's accident on September 29, 1987, appears to be sufficient to trigger preemption under § 646.214(b)(3).

IT IS ACCORDINGLY ORDERED this 16th day of March, 1994, that the defendant's motion for partial summary judgment (Dkt. No. 62) is granted as to the plaintiff's claim of inadequate warning devices.

William C. Elliott, Charles N. Parnell, Montgomery, AL, for plaintiff.

Bradley S. Braswell, Union Springs, AL, for defendant.

---

1. *Webster's Third New International Dictionary* 1646 (1981) defines "participate" as "to take

part in something (as an enterprise or activity) usu. in common with others."